**UNITED STATES of America**

**v.**

**Enrique Rede MADRID.**

**Crim. No. 68–82–SA.**

United States District Court,
W. D. Texas,
San Antonio Division.

Aug. 7, 1968.

---

15. Id. at 819–20.

16. Petitioner's Brief and Appendix, (Civil No. 1127–68) at p. 24.

Ernest Morgan, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

James M. Simons, Austin, Tex., for defendant.

SPEARS, Chief Judge.

The defendant herein is charged with having failed to submit to induction into the armed forces of the United States, in violation of Title 50 U.S.C. App. Section 462(a). He has filed a motion to dismiss in which he contends, among other things, that he has been denied due process of law with respect to the proceedings before the Selective Service Board. For the reasons hereinafter set forth, the motion will be granted.

It is apparent from the defendant's Selective Service records that on or about July 28, 1966, he was reclassified from II–S to 1–A by his local board. On August 2, 1966, he appealed such classification to the appeal board on the ground that he was a concientious objector, and was therefore entitled to a 1–O classification. On August 10, 1966, the local board acknowledged that the appeal had been filed on August 3, 1966, and indicated that the file was mailed to the appeal board on August 10, 1966. However, no action by the appeal board is reflected in the records, so it must be assumed that the appeal is still pending.

Pursuant to Section 1626.41 of the regulations governing appeals from the actions of local boards, any order to report for induction which has been issued during the period an appeal is pending to the appeal board shall be ineffective, and shall be cancelled by the local board.

Section 1625.2(b) of the regulations does not permit a registrant's classification to be reopened either for induction or for civilian work, unless the local board specifically finds there has been a change in the registrant's status over which he has no control.

In Tung v. United States, 142 F.2d 919 (1 Cir. 1944), the Court said that "a registrant has a right to pursue his administrative remedies uninterruptedly to the end, and that as a necessary consequence an order to report for induction issued while an appeal is pending in the system is void and need not be obeyed."

██ Under a reasonable construction of the regulations it would appear that the local board would have no authority whatever to reopen a registrant's classification, if an appeal has been taken by him, except perhaps to grant the classification requested. However, assuming, arguendo, that the local board had the right under Section 1625.2(b) of the regulations to reopen and consider anew

the defendant's classification upon its own motion, notwithstanding the pendency of the appeal, clearly no action taken by that board which failed to grant the defendant the full relief sought by him in his appeal could serve to interfere with, defeat, or suspend his right to have his appeal ultimately determined de novo by the appeal board. In this connection, when an appeal is filed, the appeal sections of the regulations (Sections 1626.-1–1626.61) automatically set in motion certain mandatory procedures to be followed by the Selective Service System, and the local board is given no authority by Section 1625.2(b), or any other regulation found by or cited to this Court, to circumvent or thwart a registrant's right to pursue his administrative remedies uninterruptedly to the end.

Certainly, Section 1625.13 [1] of the regulations does not require a registrant to take successive appeals from every new classification order entered by the local board while an appeal from an adverse decision on his request for a particular classification is still pending, unless he has in some manner chosen to waive or abandon his appeal. Such is not the case here. On the contrary, defendant has at all pertinent times insisted that he is a conscientious objector entitled to the 1–O classification. On August 25, 1966, after defendant's appeal was taken from the local board's refusal to accord him that classification, he was reclassified from 1–A back to II–S, not at his request, but at the suggestion of one of the local board supervisors. Further information as to defendant's status as an undergraduate student was then solicited and received by the board. Later, however, on September 25, 1967, the defendant returned his Selective Service Registration Certificate and Classification Card to the local board, saying that he no longer felt that he could in good conscience comply with the provisions of the Selective Service Act. SSS Form No. 104 "Request for Undergraduate Student Deferment," and SSS Form No. 127 "Current Information Questionnaire" thereafter forwarded to defendant on October 12, 1967, were returned to the local board neither filled out nor signed, as a result of which the defendant was declared a delinquent. From the record in this case it is readily apparent that if defendant is wrong in his insistence that he is a conscientious objector entitled to the 1–O classification, it must surely be said that he has been consistently wrong.

The only request made by defendant of the local board subsequent to his appeal, and before he was ordered on December 11, 1967 to report for induction on January 3, 1968, was in the form of a letter in which he stated that he would leave for Europe to study in Innsbruck, Austria on July 16, and would return to the United States on August 28, 1967, and that he had been asked by the school he was attending to acquire a permit to leave the country from the local draft board. This letter could hardly constitute a meaningful abandonment or waiver of his right to have his appeal determined by the appeal board.

It is this Court's opinion that the order of the local board directing the defendant to report for induction, issued on December 11, 1967, as amended by order dated January 10, 1968, both of which orders were subsequent to the filing of defendant's appeal on August 3, 1966, are null and void and of no force and effect whatever. As a consequence, the indictment pending against the defendant in this cause is hereby dismissed, without prejudice, however, to a completion by the Selective Service System of the appeal proceedings initiated by the defendant on August 2, 1966.

Nothing herein should be construed as any expression by this Court, one way or the other, on the question whether or not this defendant is entitled to a con-

---

1. Section 1625.13 RIGHT OF APPEAL FOLLOWING REOPENING OF CLASSIFICATION. Each such classification shall be followed by the same right of appearance before the local board and the same right of appeal as in the case of an original classification.

scientious objector classification. See United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), and 50 U.S.C.A. App. 456(j). All that this Court decides today is that the defendant is entitled to have his hearing de novo before the appeal board, a right to which he has been denied up to this time.