**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael K. HASELTINE, Defendant-
Appellant.**

**No. 23884.**

United States Court of Appeals
Ninth Circuit.

July 30, 1969.

Warren B. Wilson, Henry Lasky (argued), Oakland, Cal., for appellant.

Paul G. Sloan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and McNICHOLS,* District Judge.

PER CURIAM:

Defendant filed his conscientious objector claim after the local board sent him an order to report for induction. The board declined to reopen on the ground that defendant had failed to demonstrate any change in status due to circumstances beyond his control. 32 C.F.R. § 1625.2.

Defendant concedes that there was no change in his beliefs subsequent to the mailing of the order to report for induction. Indeed, he asserts that his views were essentially the same during the preceding two years. He excuses his delay in submitting a conscientious objector claim on the ground that he was misled by references in SSS Form No. 150 into believing that formal religious training and belief in a Supreme Being were prerequisite to exemption.

■ We need not decide whether the proffered defense would be legally sufficient. *But see* Dugdale v. United States, 389 F.2d 482, 485–486 (9th Cir. 1968). The trial judge, sitting as the trier of fact, rejected defendant's contention on a factual basis. We cannot say that the judge could not reasonably conclude beyond a reasonable doubt that defendant was not misled.

As the trial court noted, although defendant testified that there was doubt in his mind about the correctness of his interpretation of the form, he made no inquiry of the Selective Service or anyone else for some two years. He did not claim to have been misled by the particular Form 150 mailed to him by the board, but only by an impression arising from general familiarity with such forms at an earlier time; the specific interrogatory to which defendant pointed was only one of many designed to fully explore the registrant's belief, and the form directed that all interrogatories be answered. Moreover, the trial court observed defendant on the stand, and apparently disbelieved him. *See* United States v. Powers, 413 F.2d 834 (1st Cir. 1969).

Defendant asserts that the board denied him due process by classifying him I–A when it knew that he would

---

* Honorable Ray McNichols, United States District Court for the District of Idaho, sitting by designation.

**336**

not receive notice of the board's actions until the time for appeal had expired. Defendant had written to the board that he would be working as a field geologist in a mountainous area during the summer. He asked the board to write to him at his parents' address, stating "occasionally during the summer I will check in with them as to any mail from you." The board sent the notice of classification to defendant's parents as requested. Defendant's father wrote to the board, repeating the information which defendant had previously given them regarding defendant's location, and stating that he had no way of getting in touch with the defendant. Defendant's parents then apparently left on vacation, unknown to the board.

■ The board did all that defendant requested to assure that he would receive its communications. If those arrangements were inadequate, or became so, it was defendant's responsibility to change them. Defendant conceded as much when he wrote to the board, "I am not making excuses for not receiving the form in time. I know a more constant effort on my part would have made it possible * * *." We cannot reverse the trial court's holding that the board's action comported with due process, and that defendant lost his right to appeal through his own neglect.

■ Defendant's contention that 50 U.S.C.App. § 456(j) violates the First Amendment is not available on this record since, as we have held, the board properly refused to consider the merits of his claim for exemption under the statute on the ground that it was untimely under 32 C.F.R. § 1625.2.

■ Defendant's contention that he was not fully advised of the consequences of refusing to submit to induction is refuted by entries in the Selective Service file, admitted in evidence.

Affirmed.