**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Myron LYZUN, Defendant-Appellant.**

**No. 17844.**

United States Court of Appeals,
Seventh Circuit.

June 10, 1971.

Rehearing Denied Aug. 3, 1971.

Kenneth S. Jacobs, Villa Park, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Robert J. Krajcir, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before KILEY, FAIRCHILD and PELL, Circuit Judges.

FAIRCHILD, Circuit Judge.

Appellant, Myron Lyzun, was convicted of knowingly failing to report for civilian work as required by an order of his draft board. The order was issued May 22, 1968. The underlying I–O classification was given him May 18, 1967. Appellant challenges the validity of the order on five grounds, and makes one claim of error upon the trial.

1. *Claim that the local board lost jurisdiction.* At a time when Lyzun was classified I–A, he requested an opportunity to show proof that he should be classified as "Conscientious Objector and/or Minister." He was allowed a personal appearance, but the board again classified him I–A. Lyzun appealed. The board did not forward the file to the appeal board, but gave him the I–O classification above referred to. The I–A classification appealed from involved a denial of both a conscientious objector classification and a ministerial classification. The new board action granted the first, but continued denial of the other.

32 CFR § 1626.13 and .14 required a local board, after the filing of an appeal, to forward the file to the appeal board. Lyzun claims that when he filed his appeal, the local board lost jurisdiction, so that both the I–O classification and the order to report for civilian work were void.

The government argues that Lyzun's appeal was late, so that it imposed no duty to forward the file. We disagree.

Under 32 CFR § 1626.2(c), then applicable, a registrant had ten days "after the date when the local board mails" the notice, in which to appeal. 32 CFR § 1641.6 provides: "The period of days allowed a registrant or other person to perform any act or duty required of him shall be counted as beginning on the day following that in which the notice to him is posted or mailed." Exclusion of the day of mailing is consistent with the common law.[1] Computations made by

1. See 86 C.J.S. Time § 13(1)ff., p. 848.

courts in two cases cited by the government are consistent with this principle.[2]

■■ The board classified Lyzun I–A April 27, 1967, and notice was mailed April 28. Counting April 29 as the first day of the period allowed for an appeal, May 8 was the tenth. Lyzun's appeal was mailed May 8 and received by the board May 9. The administrative practice in the Selective Service System is that when a notice is filed by mail, "the date of mailing as shown by the postmark on the envelope and not the date it was received by the local board shall be used in determining whether the filing or submission was timely." [3]

■ Thus the local board had the duty under the regulation to forward his file to the appeal board, but the local board failed to comply. Instead it reconsidered and partially reversed its own decision, granted one of the classifications Lyzun had requested, but continued to deny the other. The board again notified Lyzun of his right to appeal, but he did not appeal.

We note here that Lyzun's file is unusual in that information furnished by him makes it clear that he did not meet the statutory requirements as a minister. It appears that he had been a "minister" according to his own lights since his baptism and ordination as a Jehovah's Witness at the age of 12, but the information he supplied thoroughly established that he did not preach and teach the principles of religion as his regular and customary vocation.[4]

The question presented is whether the selective service regulations require application of a strict jurisdictional concept so that the I–O classification and the order to report for civilian work were wholly void. We think it unreasonable to interpret the regulations as requiring that result in these circumstances. Had Lyzun, after being granted one of the classifications he sought, desired to appeal, either because he thought he might be granted the IV–D classification, or even for the purpose of delay, he could have appealed from the I–O classification, and was so informed. In our view his failure to appeal ends inquiry into his classification.

We are aware of 32 CFR § 1626.41 providing that local boards:

> "shall not issue an order for a registrant to report for induction either during the period afforded the registrant to take an appeal to the appeal board or during the period such appeal is pending. Any order to report for induction which has been issued during either of such periods shall be ineffective and shall be cancelled by the local board."

Literally the regulation does not apply to the type of order involved in this case. Assuming that it did, we think the time during which it would have prevented an order expired with the time for appeal from the I–O classification.

We also note two decisions holding board orders invalid under somewhat similar facts.[5] In each case, as in ours, an appeal was filed, but not processed to conclusion, the local board again issued a classification, from which the registrant took no appeal, and the board later issued its order. The courts in these two instances followed a strict construction and concluded that the registrant's later opportunity to appeal did not cure the failure of the board to process the earlier appeal properly. In this respect we reach a different conclusion.

■ 2. *Authority to order an alien to report for civilian work.* Lyzun is a German national, resident in the United States. He concedes that 50 App. U.S.C. § 454 and 32 CFR § 1622(1) (a) (1) expressly subject a male resident alien to

---

**2.** United States ex rel. LaCharity v. Commanding Officer, etc. (2d Cir., 1944), 142 F.2d 381, 382, and Frank v. United States (9th Cir., 1956), 236 F.2d 39, 42.

**3.** Local Board Memorandum No. 72.

**4.** 50 App.U.S.C. § 466(g).

**5.** United States v. Olkowski (W.D.Wis., 1965), 248 F.Supp. 660; United States v. Madrid (W.D.Texas, 1968), 314 F.Supp. 17.

liability for military service, but points out that the act does not specify resident aliens as persons who can be required to perform civilian work. The pertinent portion of the statute, however, 50 App. U.S.C. § 456(j), reaches "Any person" who successfully claims conscientious objection, and there is no reason why this term does not include a resident alien who successfully makes the claim.

 3. *Formality of board decision on civilian work.* The board file contains a record that on April 11, 1968 Lyzun met with the board and a representative of the state director for the purpose of reaching agreement on the type of civilian work to be performed in lieu of induction. It is recorded that Lyzun refused to accept any of the work suggested and the members of the board determined that they should seek authority of the director to order civilian work at a particular hospital. All four members signed the record, although no vote was entered on the forms where votes are normally recorded. The chairman wrote a letter requesting the authority, and it was granted by letter. The order to report was signed by the chairman. It does not appear that the board met after the authority was received and before the order was issued. We conclude the record shows substantial compliance with applicable requirements.[6]

 4. *Assistance of counsel or appeal agent.* Appellant contended at trial and on appeal that due process was denied by the failure of the board to be more aggressive about furnishing an appeal agent. The board did inform him of the availability and the identity of an appeal agent. Failure to do more was not a lack of due process.

On appeal, appellant seeks to broaden his attack, so as to claim, under United States v. Weller (N.D.Cal., 1969), 309 F.Supp. 50, invalidity of 32 CFR § 1624.1(b), prohibiting representation by counsel before the local board. There is no suggestion in the record that appellant had or sought counsel or that he desired to have an attorney appear with him before the local board.[7]

5. *Claim under the Thirteenth Amendment.* As appellant concedes, his claim that an order requiring civilian work violates the thirteenth amendment was decided against him by United States v. Holmes (7th Cir., 1968), 387 F.2d 781, 784, cert. den. 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856.

 6. *Admissibility of board file.* Appellant's failure to report was proved by letters and entries in the board file. This type of evidence was held admissible in *Holmes, supra.*

The judgment is affirmed.

---

6. United States v. Isenring (7th Cir., 1969), 419 F.2d 975.

7. See United States v. Phifer, 440 F.2d 462, 466 (7th Cir., 1971).