**UNITED STATES of America**

v.

**James Robert HERSHEY, Appellant.**

**No. 71–1078.**

United States Court of Appeals, Third Circuit.

Argued Sept. 23, 1971.

Decided Oct. 28, 1971.

Dale Hershey, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for appellant.

David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thorn-

burgh, U. S. Atty., Blair A. Griffith, First Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from a judgment of conviction for violation of the Military Selective Service Act of 1967, 50 U.S.C. App. § 462(a). Appellant was sentenced to five years imprisonment for refusing to submit to induction. He was a registrant with Local Board No. 11, Pittsburgh, Pennsylvania. On September 13, 1968 he requested a change in classification to I–O, conscientious objector, and was furnished a SSS Form 150. He completed the form and returned it to the Board on September 26, 1968. The Board reviewed the file and on October 17, 1968 classified appellant I–A. This was done without an interview pursuant to Local Board Memorandum 41. When notified of the Board's action appellant requested a personal appearance. 32 CFR §. 1624.1 (1971). Such an appearance was scheduled for December 27, 1968 and he appeared. Later that day, without stating reasons for its action, the Board again classified him I–A. He appealed his classification to the Appeal Board, which on March 12, 1969, without stating reasons for its action, also classified him I–A. On March 21, 1969 the Local Board ordered appellant to report for induction. He reported to the induction center but refused to submit to induction. His indictment, conviction and sentence followed.

■ We reverse. In Scott v. Commanding Officer, we held that a local board in rejecting a post-1967 conscientious objector claim must give reasons for its decision. 431 F.2d 1132 (3rd Cir. 1970). In United States v. Speicher, we held that the failure of the local board to give reasons was not cured by appeal board action where the appeal board also failed to give reasons. 439 F.2d 104 (3rd Cir. 1971). In United

States v. Crownfield, we held that the Scott rule would be applied retroactively on direct appeal. 439 F.2d 839 (3rd Cir. 1971). See also United States v. Merkle, 444 F.2d 411 (3rd Cir. 1971).

The appellee argues that in this case application of Scott, Speicher and Crownfield is not appropriate for two reasons.

■ First, it contends that the appellant's Form 150 did not set forth a prima facie case for conscientious objector status. We do not in this case have to reach the issue whether the prima facie test of Mulloy v. United States should apply to the initial local board review of a Form 150. 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). Compare United States v. Stephens, 445 F.2d 192 (3rd Cir. 1971) (concurring opinion) with United States v. Haughton, 413 F. 2d 736 (9th Cir. 1969). Here the local board obviously did consider the Form 150 sufficient to require a personal appearance and appeal rights. Our own examination of the Form 150 convinces us that a prima facie claim of conscientious objection within the meaning of § 6(j), 50 U.S.C. App. § 456(j) was made out. Thus the Scott rule applies. United ed States v. Merkle, supra.

■ Second, appellee argues that a letter from appellant to the Local Board, which included a copy of an article from the New York Times suggesting favorable consideration for selective conscientious objectors, may be relied upon to provide a basis in fact for the Local Board's action. Reliance is upon the rejection by the Supreme Court in Gillette v. United States of selective conscientious objection as a basis for exemption. 401 U.S. 437, 91 S.Ct. 828, 28 L. Ed.2d 168 (1971). The letter in question, however, was not before either the Local Board or the Appeal Board when these Boards passed upon appellant's conscientious objector claim. It was not written until after his indictment. It cannot provide a basis for judicial review of the Board's action. See Cox v. United States, 332 U.S. 442, 453–455, 68 S.Ct. 115, 92 L.Ed. 59 (1947); Dillon v.

Local Board No. 236–A, 308 F.Supp. 909, 911–912 (N.D.Ohio 1970). *Cf.* United States v. Polites, 448 F.2d 1321 (3rd Cir. 1971). Even if it had been before the Local Board it is not so unequivocally an adoption of the position rejected in *Gillette* that a court could have said with any degree of certainty this was the basis of the Board's action.

The judgment of the district court will be reversed.