**UNITED STATES of America,**
**Plaintiff,**

v.

**Kevin Gregg CASSIDY, Defendant.**

**No. 70–CR–34.**

United States District Court,
E. D. Wisconsin.

Feb. 24, 1972.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert J. Lerner, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This is a selective service case wherein Kevin Gregg Cassidy is charged by indictment with wilfully and knowingly failing to submit to induction into the Armed Forces in violation of § 462, Title 50 Appendix, United States Code. A plea of not guilty was entered, and the matter has been tried before me.

The facts in this case are largely without dispute, and I find them to be as follows. On February 20, 1969, Kevin Gregg Cassidy, a draft counsellor who was classified 2–S, informed his local draft board that he was unwilling to cooperate any longer with the selective service system. In addition he stated that "I do not claim any strong religious beliefs." On August 1, 1969, he returned unanswered a current information questionnaire accompanied by a letter containing several religious references and reiterating his attitude of uncooperation. On August 11 he was reclassified 1–A and subsequently ordered to report for a physical examination on September 19. Mr. Cassidy reported as ordered for the examination but left before it could be completed. On October 3 he returned to the examining station as ordered and completed processing.

On September 10, 1969, Mr. Cassidy requested SSS Form 150, the conscientious objector questionnaire, and returned it completed to his local board on October 10. The completed Form 150 represented a prima facie conscientious objector claim. On October 13 the local board informed the defendant that it wished to interview him before making a decision on his conscientious objector request. Cassidy accepted the invitation. At the interview he made a number of inquiries. The board, however, refused to be responsive, nor did the board ask any questions with regard to the conscientious objector claim. Defendant summed up his conscientious objector claim, and the interview was concluded. Subsequent to the interview the board reclassified the defendant 1–A, denying the conscientious objector claim without any statement of reasons.

On October 21, SSS Form 217, advising the registrant of his right to a per-

sonal appearance and appeal, was sent to Mr. Cassidy along with the notice of the 1–A classification. The defendant, although aware of both these rights, decided to avail himself of neither because he deemed it futile. It is stipulated between the parties that between 1969 and 1970 the Wisconsin State Appeal Board reclassified approximately 10 per cent of the conscientious objector claims denied by local boards. On December 30 Cassidy was ordered to report for induction on January 16, 1970. He reported as ordered but refused to submit.

The defendant's position is that the local board's denial of his conscientious objector application was without a basis in fact and, further, that in any case the denial without a statement of reasons was improper. Accordingly a finding of acquittal is urged. The Government, of course, disagrees. The decision in this matter, however, rests on the Government's additional argument that Cassidy's failure to pursue his administrative remedies subsequent to the denial of his conscientious objector claim bars the raising of the aforementioned defenses.

In United States v. Smogor, 411 F.2d 501 (7th Cir. 1969), it was held that when a selective service registrant fails to avail himself of his right to an administrative appeal, he is barred from challenging his classification in a subsequent criminal trial. While McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), decided shortly after Smogor, held that the exhaustion doctrine is not to be applied with blind rigidity, the Supreme Court was careful to note that conscientious objector claims were generally distinguishable from the type of classification challenge that was before it. Id. at 198, n. 16, 89 S.Ct. 1657.

In United States v. Lemmens, 430 F. 2d 619 (7th Cir. 1970), the Seventh Circuit, as defendant points out, cast strong doubts upon an aspect of Smogor which is irrelevant to the case before me (the necessity of appearing for a preinduction physical). No comment, however,

in Lemmens was directed to the holding in Smogor which I have referred to and which is pertinent to this case—the necessity of utilizing the administrative corrective process after receiving an unsatisfactory classification. The present validity of this aspect in Smogor is reinforced by the Supreme Court's recent holding in McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). The facts in McGee are not only similar to the instant case, but the reasoning which led to the upholding of the exhaustion doctrine in McGee is directly applicable to the case at hand. The recent decision in United States v. Lyzun, 444 F.2d 1043 (7th Cir. 1971), cert. denied 404 U.S. 948, 92 S.Ct. 278, 30 L.Ed.2d 265, a case decided subsequent to McGee, serves to reinforce if not demand the conclusion that the exhaustion doctrine is properly applicable to the instant case. In Lyzun the defendant was classified 1–A by his board, whereupon he applied for a conscientious objector and/or minister classification. After a personal appearance his board again classified him 1–A and Lyzun appealed. The board, rather than forwarding his file to the appeal board, reconsidered his classification and reclassified him as a conscientious objector. Lyzun was notified of this action and his right to appeal, but he failed to appeal. On appeal to the Seventh Circuit, after being convicted for failing to report for civilian work, Lyzun argued that he should have been granted a minister's exemption and, in any case, that the board had committed a fatal procedural error in failing to forward his file after he requested an appeal. The court agreed that the latter argument was sound, but noting that Lyzun failed to appeal his conscientious objector classification, it concluded that he lacked the standing to raise the issue. "In our view his failure to appeal ends inquiry into his classification." 444 F.2d at 1045.

For the foregoing reasons the defendant must be found guilty. Accordingly,

after a presentence investigation has been made, a date shall be set for a formal finding of guilt in open court in accordance with this opinion and imposition of sentence.