**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald Alan BUSH, Defendant-Appellant.**

**No. 72–1013.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1972.

Decided March 15, 1973.

Rehearing Denied May 10, 1973.

---

* I have grave doubts as to the validity of the assumption.

George C. Pontikes, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., William T. Huyck, and Theodore T. Scudder, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and MORGAN, District Judge.*

MORGAN, District Judge.

Defendant appeals a judgment finding him guilty of the offense of wilfully and knowingly failing to submit to induction into the armed forces of the United States in violation of 50 Appendix, United States Code, Section 462. The basic contention for reversal is defendant's assertion that he was entitled to a conscientious objector classification.

Defendant filed his original selective service questionnaire in late 1964, in which he asserted no physical or mental disqualification and no claim to conscientious objector status. He did state that he was a student at Purdue University. His local board granted him a student deferment.

On December 15, 1965, defendant reported to his board that he had withdrawn from Purdue. On a current status questionnaire filed thereafter, defendant asserted a mental condition. He also requested a form for claiming classification as a conscientious objector. He filed the latter form on January 11, 1966, asserting that he was conscientiously opposed to war by reason of his belief in and adherence to the philosophical theories of Immanuel Kant. The board classified defendant 1-A, available for military service. Defendant was so notified by mail, such notice containing advice of his right to appeal and the time and manner for appealing that classification.

About two weeks thereafter, defendant filed a current information questionnaire, reporting a change of employment. He did not request an appeal of his classification. Months later he did request an appeal, upon the sole ground that he had been working in Indianapolis and only returned on weekends to the Cincinnati mailing address which he had supplied to the board. The board refused to extend the time limit for appeal.

On June 26, 1966, following a pre-induction Army physical examination and his being notified that he was qualified for military service, defendant filed another current information questionnaire in which he reported that he was a student at Ohio State University, but he claimed no disqualifying conditions. Defendant was classified 1-A. He sought and obtained a personal appearance before the local board, followed by an appeal to the appeal board. That appearance and appeal were limited to his

---

* Chief Judge Robert D. Morgan of the Southern District of Illinois is sitting by designation.

claim for a student deferment, a classification which was granted to him in late May, 1968.

In the meantime, defendant had written to the board on May 2, 1968, stating that he would like to appeal his then 1-A classification on the ground that "I am a conscientious objector as described" in the form "filled out in late 1965 or early 1966." Later the same date defendant wrote to the board regarding his C-O claim, stating that he would "defer that appeal" because he was "primarily interested in regaining my II-S status."

As graduation from Ohio State approached, defendant was reclassified 1-A and notified. On December 2, 1968, he wrote to the board saying that he wanted to appeal "on the grounds of a hardship deferment." Later he wrote to the board withdrawing the hardship claim, stating, "This being the case I would like to reopen an appeal of my beliefs (as explained in a C-O form on record with your office since 1965) * * *." Thereafter, on defendant's request, the local board scheduled an interview with defendant for February 25, 1969, at which time defendant was invited to appear. He could not appear, but submitted to the board a written statement repeating and expanding his beliefs based upon the Kantian philosophy. He was reclassified 1-A. An appeal was taken and the appeal board reclassified him 1-A.

An induction order for defendant, issued October 1, 1969, was postponed because of defendant's enrollment in Northwestern University School of Business. A rescheduled induction order was issued June 29, 1970. Thereafter, defendant requested from his board another conscientious objector form. That form was mailed to him, but never returned by him to the board. He reported for induction on August 13, 1970, but refused to submit to induction.

█ It is patent upon this record that defendant failed to exhaust his administrative remedies by either requesting an interview with his board or an appeal to the appeal board upon denial of his C-O claim in 1966.

The guidelines for applying the exhaustion principle, as established by the Supreme Court, are contained in representative statements by that Court as follows:

" * * * [Petitioner's] failure either to secure a personal appearance or to take an administrative appeal—implicates decisively the policies served by the exhaustion requirement, especially the purpose of insuring that the Selective Service System have full opportunity to 'make a factual record' and 'apply its expertise' in relation to a registrant's claim. When a claim to exemption depends ultimately on the careful gathering and analysis of relevant facts, the interest in full airing of the facts within the administrative system is prominent, * * *." McGee v. United States, 402 U.S. 479, 489–490, 91 S.Ct. 1565, 1571, 29 L.Ed. 2d 47 (1971).

"In the circumstances of this case, petitioner's failure to take an administrative appeal not only deprived the appeal board of the opportunity to 'apply its expertise' in fact-finding to the record that was available; it also removed an opportunity to supplement a record containing petitioner's own submission but not containing the results of any specific inquiry into sincerity." Ibid, at 490–491, 91 S.Ct. at 1572.

"Conscientious objector claims * * * would appear to be examples of questions requiring the application of expertise or the exercise of discretion. * * * The Selective Service System is empowered by Congress to make such discretionary determinations and only the local and appeal boards have the necessary expertise." McKart v. United States, 395 U.S. 185, 198, 89 S.Ct. 1657, 1665, 23 L. Ed.2d 194 n. 16 (1969).

In applying the exhaustion of remedies principle, this court has recently

held that the exhaustion principle should be applied by the courts except where exceptional circumstances are shown to have existed. United States v. Rabe, 466 F.2d 783, decided by this court on August 11, 1972. Absent such circumstances, failure to request a personal appearance before the local board or to appeal to the appeal board has been repeatedly held to bar a defense to prosecution, based upon a conscientious objector claim. *E. g.*, United States v. Lyzun, 444 F.2d 1043, 1044 (C.A.7 1971); United States v. Smogor, 411 F.2d 501, 503 (C.A.7 1969), cert. denied, 396 U.S. 972, 90 S.Ct. 460, 24 L.Ed.2d 440; United States v. Goodman, 435 F.2d 306, 313–314 (C.A. 7 1970); United States v. Kurki, 384 F.2d 905, 907 (C.A.7 1967), cert. denied, 390 U.S. 926, 88 S.Ct. 861, 19 L.Ed.2d 987.

■ The Regulations vest discretion in a local board to enlarge the time for appeal when it is shown that failure to request an appeal within the time specified was without the registrant's fault. 32 C.F.R. 1626.2(d). Here, notice of classification was mailed to the address supplied by defendant, and his only suggestion was that he did not receive such notice because he was absent from such address except on weekends. Failure of the board to extend time under those circumstances was neither arbitrary nor an abuse of the board's discretion. *E. g.*, United States v. McDuffie, 443 F.2d 1163, 1165 (C.A.5 1971); Gretter v. United States, 422 F.2d 315, 317 (C.A.10 1970); United States v. Haseltine, 415 F.2d 334, 336 (C.A.9 1969). It is clear upon this record that defendant asserted his conscientious objector claim when his first student deferment ended, and that he thereafter failed to pursue it except as it seemed convenient to do so. From time to time in addition to his student and C-O claims, defendant claimed deferment upon the basis of hardship, mental disability, and the physical impairment of a tendency to flat feet. The C-O claim is shown to have been reasserted by defendant only when one or more of such pending claims were either withdrawn by him or rejected by the board.

There is no merit to defendant's contention that the board was required to find facts showing that he was not entitled to his claim of conscientious objection. By his failure to follow the appeal procedures provided for him, defendant never invoked the statutory processes which would have initiated a factual inquiry into the sincerity of his claim. McGee v. United States, *supra*.

The judgment is Affirmed.

SWYGERT, Chief Judge (dissenting).

I respectfully dissent.

Under the circumstances of this case, the defendant Bush must be presumed to have stated a *prima facie* case of conscientious objection when he reasserted his I–O claim before his board in 1969. This requires reversal of his conviction under United States v. Lemmens, 430 F. 2d 619 (7th Cir., 1970), unless he failed inexcusably to exhaust administrative remedies. For the reasons set out below, I do not think Bush may be charged with a failure to exhaust.

As the majority correctly recognizes, Bush failed to appeal from his board's 1966 denial of I–O status until December, 1968, when he wrote:

I would now like to open an appeal on the basis of my beliefs (As explained in a C.O. Form on record with your office since 1965); this is an appeal for classification into the C.O. class.

This in effect was a request for a reopening of his classification, since the period for a proper appeal had expired long prior to the date of the letter. United States v. Vincilli, 215 F.2d 210 (2d Cir., 1954); United States ex rel. Berman v. Craig, 207 F.2d 888 (3d Cir., 1953); 32 CFR § 1626.2(c). The board responded by scheduling Bush for a personal appearance on February 25, 1969. Bush never appeared. By letter dated February 5, 1969, he informed the board that he would be unable physically to appear as scheduled and requested in lieu thereof that the board consider a

lengthy written explication of his moral beliefs. Bush's next communication from the board was a notice of classification as I–A (SSS Form 110) and a classification advice (SSS Form 111).

The mailing of these forms takes on importance when viewed in conjunction with the regulations in effect at the time. 32 C.F.R. § 1625.4 (revised Dec. 9, 1971) dealt with the criteria governing reopening and the procedure to be followed by a local board upon a determination not to reopen:

> When a registrant, any person who claims to be a dependent of a registrant, any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, or the government appeal agent files with the local board a written request to reopen and consider anew the registrant's classification *and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification.* In such a case the local board, by letter, shall advise the person filing the request that the information submitted does not warrant the reopening of the registrants's classification and shall place a copy of the letter in the registrant's file. No other record of the receipt of such a request and the action taken thereon is required. (emphasis added)

When a board reopened a registrant's classification, it was required to reclassify him, 32 C.F.R. § 1625.11, and notify him as follows under 32 C.F.R. § 1625.12 (revised Dec. 9, 1971):

> When the local board reopens the registrant's classification, it shall, as soon as practicable after it has again classified the registrant, mail notice thereof on Notice of Classification (SSS Form No. 110) to the registrant and on Classification Advice (SSS Form No. 111) to the persons entitled to receive such notice or advice on an original classification under the provisions of § 1623.4 of this chapter.

The fact that Bush was mailed Forms 110 and 111 by his board is thus highly significant; under the applicable regulations—which we must presume were adhered to by the board—the mailing signifies that Bush's classification was reopened.[1] This the board could not have done without making a twofold determination: (1) that Bush had presented new matter in support of his I–O claim, and (2) that his file, new matter included, contained sufficient information to state a *prima facie* case of conscientious objection. These determinations by the board are not subject to reexamination on appeal. *See generally,* Joseph v. United States, 405 U.S. 1006, 92 S.Ct. 1274, 31 L.Ed.2d 473 (1972); Lenhard v. United States, 405 U.S. 1013, 92 S.Ct. 1296, 31 L.Ed.2d 477 (1972); United States v. Dziemiela, No. 72–1465 (7th Cir., Sept. 28, 1972); United States v. Nelson, No. 71–1812 (7th Cir., July 12, 1972); United States v. Hulsey, 463 F.2d 1071 (7th Cir., 1972); Memorandum for the United States in Joseph v. United States, 18–22; *c. f.* United

---

1. This would not be the case if Bush had appeared in person before the board. He would then have received Forms 110 and 111 even if the board had decided not to reopen his case. 32 C.F.R. § 1624.2(d) states:

> *After the registrant has appeared before the member or members of the local board designated for the purpose,* the local board, as soon as practicable after it again classifies the registrant, or determines not to reopen the registrant's classification, shall mail notice thereof on Notice of Classification (SSS Form No. 110) to the registrant and on Classification Advice (SSS Form No. 111) to the persons entitled to receive such notice or advice on an original classification under the provisions of § 1623.4 of this chapter. (emphasis added)

Bush did not appear, however, and this section raises no ambiguity as to the import of the board's action.

States v. Hershey, 451 F.2d 1007 (3d Cir., 1971).[2]

That the board found a *prima facie* case of conscientious objection and failed to state reasons for its denial of a I–O exemption calls *Lemmens* immediately into play. And the board's finding that Bush had presented it with new matter by his letter of February 5 is relevant to refute the Government's assertion that he failed to exhaust administrative remedies. The majority implies that Bush's failure to exhaust remedies on his I–O claim in 1966 precludes his effective exhaustion in 1969, when he admittedly took an appeal from the board's denial of that claim. As I see it, this view is persuasive only if the board rejected the I–O claim in 1969 for failure to state "any facts in addition to those considered when the registrant was classified." 32 C.F.R. § 1625.4.[3] But the board found the opposite, for it reopened Bush's classification. It follows that the 1969 prosecution by Bush of his conscientious objection claim must be assessed apart from his 1966 prosecution of that claim and that his 1966 failure to exhaust Selective Service remedies cannot be carried over to taint his full attempt to exhaust those remedies in 1969.

Since I also reject the Government's argument that Bush's Selective Service file displays enough objective indicia of insincerity regarding his I–O claim to eliminate his defense under *Lemmens*, I would reverse.

2. In the cited cases, it was inferred from the fact of reopening only that a local board had found a registrant's file to state a *prima facie* case for statutory exemption. This is attributable, I think, to the fact that new matter unquestionably was involved in each case, and not to any judicial (or prosecutorial) reluctance to extend *Joseph* to its logical limit. Given the fact that an offering of new matter and presentation of a *prima facie* case are parallel requirements of a reopening under 32 C.F.R. § 1625.4, I can see no reason to read *Joseph* as inferring only a

*prima facie* case from the fact of reopening.

3. This would have been possible, even in light of the board's mailing of Forms 110 and 111, if Bush had shown up for his personal appearance. See note 1, *supra*. We might then have to embark on a careful analysis of Bush's Selective Service file to determine if the board's decision to retain Bush as I–A could have been based on his failure to present new matter or a *prima facie* case for exemption. Here, however, *Joseph* forecloses this inquiry.