No. 979, Misc.   SELLERS v. LAIRD, SECRETARY OF DE-
FENSE, ET AL.   C. A. 5th Cir.   Certiorari denied.   *Charles
Morgan, Jr., Reber F. Boult, Jr., Howard Moore, Jr.,
Morris Brown, Melvin L. Wulf, Martin Garbus,* and
*Eleanor Holmes Norton* for petitioner.   *Solicitor Gen-
eral Griswold, Assistant Attorney General Weisl, Morton
Hollander,* and *Robert V. Zener* for respondents.   ■

MR. JUSTICE DOUGLAS, with whom THE CHIEF JUS-
TICE and MR. JUSTICE MARSHALL join, dissenting.

Petitioner is a Negro who was classified I–A by his
local Selective Service Board in South Carolina, before
his place of induction was transferred to his current
residence in Georgia.   Prior to receiving his order to
report for induction, he filed suit in the District Court
for the Northern District of Georgia to enjoin his induc-
tion on the ground that systematic exclusion of Negroes
from local and appeals boards in South Carolina and
Georgia violates the Constitution of the United States
as well as the Military Selective Service Act of 1967,[1] 81
Stat. 100, 50 U. S. C. App. § 451 *et seq.* (1964 ed., Supp.
III), and renders them powerless to induct him into the
Armed Forces.

According to his uncontested allegations, South Caro-
lina is a State with 161 board members, only one of
whom is Negro.   Thus, from a State in which 34.8%
of the population is Negro, only 0.6% participates in the
administration of the Selective Service.   Moreover, in
Georgia, where 28.5% of the population is Negro, mem-
bers of the Negro race constitute only 0.2% of the
509 board members.   Despite these statistics of exclu-

---

[1] "[I]n the interpretation and execution of the provisions of this
title [including provisions for the appointment of board mem-
bers] . . . there shall be no discrimination against any person on
account of race or color . . . ."   50 U. S. C. App. § 455 (a).

sion,[2] and despite petitioner's assertion that his classification was racially motivated, the District Court refused to enjoin his induction.

Following that denial, petitioner noted an appeal. In the meantime, however, he was ordered to report for induction. After unsuccessful attempts to stay prosecution, and over his defense that he had been inducted by a Selective Service System from which Negroes had been studiously excluded, he was convicted of violating 50 U. S. C. App. § 462 (a) and sentenced to five years in prison.

It was only after his criminal conviction that the Court of Appeals decided his appeal from the District Court denial of a preliminary injunction. Reluctant to treat that civil appeal as moot, it reached the merits and decided that the exclusion of Negroes from local draft boards does not deprive them of jurisdiction to induct Negroes into the Armed Forces.[3] Petitioner comes to

---

[2] It appears that in 1966, 23 States maintained local boards without a single Negro member, among them being States in which Negroes constituted up to 42% of the population. See Report, National Advisory Commission on the Selective Service Act 80 (1967).

[3] Judge Tuttle wrote a separate opinion in the case below, *sub nom.* *Sellers* v. *McNamara*, 398 F. 2d 893, at 894. Although considering himself bound by the "law of this circuit," as established in *Clay* v. *United States*, 397 F. 2d 901 (C. A. 5th Cir., cert. then pending, No. 271 of this Term, but subsequently granted and judgment vacated and remanded on other grounds, 394 U. S. 310), he admitted that:

"[H]ad our court not foreclosed the matter for our consideration, I would conclude that the issue is one which should be raised by direct attack [as in this case], and that the statute and the Constitution of the United States do forbid the practice which produces selective service boards of an entire state whose members are substantially all white, while classifying and ordering into service citizens of the state, approximately one third of whom are Negroes." 398 F. 2d, at 895.

this Court seeking a writ of certiorari to review that decision.

This is a case we should hear and decide.

The fact that the challenge to the Board's action is made in a pre-induction lawsuit is not necessarily fatal. Although § 10 (b)(3), 50 U. S. C. App. § 460 (b)(3) (1964 ed., Supp. III), provides that there shall be no judicial review "of the classification or processing of any registrant" except as a defense in a criminal prosecution, there are exceptions to it. Thus we held in *Oestereich* v. *Selective Service Board,* 393 U. S. 233, that where the action of the Board was "lawless," the courts would give pre-induction review of the matter. In that case the Board had used "delinquency" proceedings to deprive a divinity student of his statutory exemption in retaliation for his having returned his registration certificate in dissent from our Vietnam policy.

This case also presents a statutory right. 50 U. S. C. App. § 455 (a) provides for the selection of members of Selective Service Boards "in an impartial manner" under rules and regulations prescribed by the President, "Provided, That in the selection of persons for training and service under this title . . . and *in the interpretation and execution of* the provisions of this title . . . , there shall be no discrimination against any person on account of race or color . . . ." (Emphasis supplied.)

While the present case was pending, Sellers was convicted of refusing induction; on appeal the Court of Appeals affirmed, but a petition for rehearing is pending.[4]

---

[4] After failing to obtain relief in the District Court below in his request for an injunction against his induction, Sellers appealed to the Court of Appeals. In the meantime, however, he was threatened with an immediate order to report for induction. Consequently, pending his appeal to the Court of Appeals he requested a stay of induction. Both the District Court and the Court of Appeals denied relief. Sellers then sought such a stay from MR. JUSTICE BLACK.

On April 18, 1967, MR. JUSTICE BLACK denied a stay of induction

The Court of Appeals refused to treat the present civil case as moot and instead treated it as a request for "an order requiring that he be discharged from his present service of sentence following his conviction."

If we assume that Sellers has a statutory right to a bi-racial Board, he would be entitled to pre-induction judicial review, if *Oestereich* is to have any life or meaning.

If that is true, a Board compounds the injury by bull-dozing the man into the Army. I cannot believe we would ever hold that lawless Board action can render a case moot.

What the facts of this case on the issue of racial discrimination are we do not know.[5] The system of using an all-white Board may well result in black registrants

---

pending appeal to the Court of Appeals. Sellers refused to report, and was convicted before the Court of Appeals could hear his civil appeal.

[5] In filling out his "Current Information Questionnaire," petitioner noted that his job with the Student Nonviolent Coordinating Committee (SNCC) consisted of coordinating an "organizational program to develop a political and economical awareness in the black community," for an organization whose admitted purpose was to develop "Black Power." His conviction in federal court for "trespassing," an offense arising out of a civil rights demonstration, is also in the record. Finally, a member of the local Board admitted to the State Director of the Selective Service that she had allowed an FBI agent to review petitioner's file, even though such access was in violation of Selective Service regulations.

A psychiatrist filed, as part of petitioner's Armed Forces physical, the following:

"[Petitioner] states he has animosities toward the Armed Services. The Negroes are '10% of the U. S. population, yet 30% of the casualties in Vietnam are Negroes.' They are 'the front line foot soldiers.' . . . He feels that the country 'will not give the Negroes any room.' He states that the Vietnamese are basically colored people and the Negro soldiers have no business there fighting other colored people. . . . He is considered to be a semi-professional race agitator."

954

being sent to Vietnam to do service for white registrants. Whether that is true or not, is not shown by the present record as there was no hearing.

It is common talk that in some areas where all-white Boards sit, the white registrant as distinguished from the black, need not even ask for deferment in order to obtain it. The presence of an all-white Board may, however, not be the basis of any lawful complaint. For on the facts of a particular case a I–A classification may be wholly warranted, irrespective of the racial context of the Board. On the other hand, the presence of an all-white Board in a racially prejudiced community may well result in blacks carrying more than their fair share of the Vietnam burden. Cf. *Wolff* v. *Selective Service Local Bd.*, 372 F. 2d 817. I assume that is what 50 U. S. C. App. § 455 (a) was designed to prevent. I would grant this petition for certiorari.