**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charlie Lee HART, Defendant-Appellant.**

**No. 71–1092.**

United States Court of Appeals, Sixth Circuit.

Sept. 20, 1971.

William E. Caldwell, Memphis, Tenn., Louis R. Lucas, Michael B. Kay, Ratner, Sugarmon & Lucas, Memphis, Tenn., on the brief, for appellant.

Robert F. Colvin, Jr., Asst. U. S. Atty., Memphis, Tenn., Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on the brief, for appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Charlie Lee Hart seeks reversal of his conviction for failing to perform a duty required of him in the execution of the Military Selective Service Act of 1967. Upon trial in the United States District Court for the Western District of Tennessee, Western Division, he was found guilty of the offenses charged in a two count indictment. Count I charged appellant's failure to keep his local board informed of his current address, and Count II charged his failure to report and submit to induction into the Armed Forces when ordered to do so.

Appellant registered for the draft with Tennessee Local Board 104 on February 23, 1964. He was first classified I–A on April 16, 1964. On November 4, 1965, he was given a II–S classification. On January 13, 1966, he was again classified I–A. He made no attempt to appeal the January 13, 1966, I–A classification until, on April 17, 1968, he received orders to report for induction on May 3, 1968. Having failed to report on May 3, 1968, the local board mailed a letter to the defendant establishing a new reporting date of August 9, 1968. The appellant again failed to report. Tennessee Local Board 104, on November 20, 1968, declared the appellant delinquent. Several pieces of correspondence between the appellant and Tennessee Local Board 104 from the period January 18, 1968, to November 20, 1968, were returned to the board unclaimed. On March 21, 1969, appellant submitted a form claiming conscientious objector status. Appellant admitted that he had failed to keep the Tennessee Local Board informed of his current address.

Appellant's total reliance in this appeal is on his claim that the local board which denied his claim to conscientious objector status was illegally composed. Admittedly not all members of the local board were residents of the area in which it had jurisdiction. They did, however, live in the county where they functioned. At the relevant time, 32 C.F.R. 1604.52(c) provided:

> "The members of local boards shall be citizens of the United States who shall be residents of a county in which their local board has jurisdiction and who shall also, if at all practicable, be residents of the area in which their local board has jurisdiction." [1]

Appellant urges that our opinion in United States v. Cabbage, 430 F.2d 1037 (6th Cir. 1970), should be construed to hold that all acts of a board constituted as was the one which asserted jurisdiction over appellant, are null and void. The effective holding of Cabbage was that due process had been denied a registrant when FBI reports derogatory of him had been placed in his file without his knowledge. The question before us now was not passed upon in the Cabbage case. We did, however, express our condemnation of a practice of ignoring the requirements of 32 C.F.R. 1604.-

---

1. 32 C.F.R. 1604.52(c) has since been amended to require only that local board members be residents of the *county* where the board functions.

52(c) in composing a local board. This was based on the government's stipulation that the involved board could have been properly constituted. We directed that, before again acting on Cabbage's case, the government "move promptly to reconstitute the Selective Service Board * * * in accordance with the applicable regulation." We did not, however, overrule United States v. Brooks, 415 F.2d 502 (6th Cir. 1969). In *Brooks* we had held that a board constituted as was the board in this case, was nevertheless a *de facto* board and its action could not be collaterally attacked. We said:

> "We consider also that the action of Local Board 20 cannot be here challenged on the ground of the lack of proper residential qualifications of some of its members. It was in all events a *de facto* board whose action is not subject to this collateral attack." 415 F.2d at 505.

Judgment affirmed.