**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Thomas Eugene POTTER, Defendant-**
**Appellant.**

**No. 72–1174.**

United States Court of Appeals,
Sixth Circuit.

April 10, 1972.

I. H. Murphy, Memphis, Tenn., for appellant.

Thomas F. Turley, Jr., U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., for appellee.

Before WEICK, PECK, and McCREE, Circuit Judges.

PER CURIAM.

We consider a motion to affirm the judgment below on the grounds that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. 6th Cir. R. 8.

Appellant was convicted for refusal to submit to induction into the armed forces of the United States, in violation of 50 U.S.C.App. § 462. His only defense is that his 1–A classification and the order to report for induction were invalid because all the members of his local board did not reside in the area in which the board had jurisdiction, and that there were eligible persons who were available and willing to serve. 32 C.F.R. § 7604.52 (b) (1970). He relies on United States v. Cabbage, 430 F.2d 1037 (6th Cir. 1970).

We observe that this residential requirement has been eliminated by executive order from the current regulations, 32 C.F.R. § 1604.52(b) (1971), and that the District Court was advised that, since the *Cabbage* decision, board membership in that judicial district has been reconstituted. We also observe that in United States v. Hart, 449 F.2d 340 (6th Cir. 1971), we held that the action of a local board cannot be challenged on the ground of the lack of proper residential qualifications of some of its members.

We held that such a board is a *de facto* board whose action is not subject to collateral attack. Since this appeal is clearly controlled by the decision in *Hart*, the motion to affirm is granted.

Affirmed.