**UNITED STATES of America,
Plaintiff,**

**v.**

**Jay Francis HUNSTIGER, Defendant.**

**No. 6–72–Cr–124.**

United States District Court,
D. Minnesota,
Sixth Division.

June 2, 1972.

**224**

Robert G. Renner, U. S. Atty., and Earl P. Gray, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Tilsen, Heffernan & Wells, Kenneth E. Tilsen, St. Paul, Minn., for defendant.

## MEMORANDUM & FINDINGS

DEVITT, Chief Judge.

Defendant in this criminal matter was indicted on April 13, 1972 and tried to the court with jury waived on June 1, 1972. The indictment charged defendant with having failed and neglected to comply with an order of his local Selective Service Board to report for and submit to induction into the armed forces of the United States, in violation of 50 U.S.C.A. App. § 462.

The facts are not generally in dispute and are reflected in defendant's Selective Service file which was received at trial.

The file reveals that upon receipt of his 1–A classification on November 17, 1970, defendant failed to appeal this classification. It is the government's position that by this failure to exhaust the administrative remedies available to him within the Selective Service System, defendant is now precluded from raising questions concerning the propriety of the classification. Defendant contends that this is not a proper case for application of the exhaustion doctrine and that the classification granted on November 17, 1970, despite the statement of reasons given in its support by the local board, is not supported by the necessary basis in fact.

■ Although it is true that normally a defendant in a criminal prosecution for failure to report for induction is precluded from asserting the defense of lack of basis in fact if he has failed to exhaust his administrative remedies, McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); United States ex rel. Taylor v. Fritz, 446 F. 2d 36 (8th Cir. 1971), the courts have recognized that this requirement of administrative exhaustion is not to be inflexibly applied. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L. Ed.2d 194 (1969). Where the registrant shows that exceptional circumstances justify his failure to exhaust administrative remedies, United States v. Davis, 413 F.2d 148 (4th Cir. 1969); Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969), or that his failure to exhaust these remedies did not constitute a wilful disregard of the procedures provided within the Selective Service System, the courts have held that the registrant should not be prevented from asserting lack of basis in fact in a subsequent criminal prosecution. United States v. Weaver, 336 F.Supp. 558 (E.D.Pa.1972); United States v. Batson, 334 F.Supp. 971 (W.D.Mo.1971). It appears that defendant did not deliberately bypass the requirements of appeal within the Selective Service System.

■■ Unlike cases where it is clear that defendant is plainly informed of his right to appeal, here defendant's 1–A classification was received at a time when the Selective Service System was neither providing preclassification personal interviews nor furnishing S.S.S. Form 217, "Advice of Right to Personal Appearance and Appeal." Under these circumstances the court does not feel that it should apply the doctrine requiring administrative exhaustion and will

examine the file to determine whether there is basis in fact to support the classification.[1]

■■ Turning then to this classification, the file clearly points out that defendant presented a prima facie showing of qualification for conscientious objector classification under the standards enunciated in Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L. Ed.2d 168 (1971), and Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). Further, although the local board did state reasons for the denial of the requested classification, these reasons as stated were in one regard insufficient, and in another regard not supported by affirmative evidence contained in defendant's Selective Service file.[2] The board finding that defendant did not convince it that his beliefs were the prime motivating factor in his life, if this is a proper finding upon which to base the denial of conscientious objector classification, is not supported by any affirmative evidence contained in the file.

Therefore, since I find that defendant is not precluded from questioning whether there is basis in fact for the 1–A classification he received on November 17, 1970, and find that there is no basis in fact to support this classification, I find that the subsequent order to report for induction was invalid and that defendant is thus not guilty of the offense charged in the indictment.

1. Defendant also urges that since he was erroneously informed concerning Selective Service System procedures by an individual outside the Selective Service System, he is thus excused from the requirement that he exhaust his administrative remedies. I do not find this to be persuasive. I merely hold that where, as here, a registrant is affected by changes, in Selective Service System procedures which have taken place soon before registrant's classification and which may have been the cause of registrant's failure to exhaust his administrative remedies, it would not be proper to apply the doctrine requiring the exhaustion of administrative remedies.

2. The board stated that, "The lateness of his claim and the fact that the file information did not convince the board that the registrant's beliefs were the prime motivating factor in his life resulted in the board's denial of the requested 1–0 classification." The first of these reasons is insufficient. United States v. Iverson, 455 F.2d 79 (8th Cir. 1972); United States v. Rutherford, 437 F.2d 182 (8th Cir. 1971); United States v. Abbott, 425 F.2d 910 (8th Cir. 1970). The second reason, even if sufficient, which I do not decide, is not supported by any affirmative evidence in the file. See Iverson, *supra*, and United States v. Owen, 415 F.2d 383 (8th Cir. 1969).