**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Lloyd HULSEY, Defendant-
Appellant.**

**No. 18982.**

United States Court of Appeals,
Seventh Circuit.

March 8, 1972.

On Rehearing June 5, 1972.

Anthony J. Murray, Jr., Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., James B. Burns, Asst. U. S. Atty., William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before KNOCH, Senior Circuit Judge, and KILEY and SPRECHER, Circuit Judges.

KNOCH, Senior Circuit Judge.

Defendant-appellant, Donald Hulsey, has appealed his conviction in a trial by the District Judge, trial by jury having been waived on indictment charging refusal to submit to induction as ordered by Selective Service Local Board No. 137, Kewanee, Illinois. He was committed to the custody of the Attorney General for a period of three years.

It is defendant's position that in the oral and written statements he made, he described such prima facie compliance with the legal requirements for classifi-

cation as a conscientious objector as to require a statement of reasons for denial of his request.

He asserts that at his personal appearance before the Local Board, no member questioned the legal sufficiency of his beliefs.

When defendant, who (after registration with Local Board No. 137 in May, 1963, had been classified I-A) enrolled at Northern Illinois University, he was granted a student deferment and classified 2-S.

On May 29, 1968, the Board received notice from the University that defendant was

"No longer enrolled full time (withdrew)."

He was reclassified I-A on July 11, 1968 and so notified on July 22, 1968.

On September 4, 1968, the Board received a letter from defendant in which he stated:

"By reason of religious training and belief, I am conscientiously opposed to participation in war in any form. . . ."

Pursuant to his request a Conscientious Objector form SSS Form 150, was mailed to him the same day. The form stated that it was to be returned prior to September 14, 1968.

On October 3, 1968, when defendant's file was reviewed the Board's record noted:

"All evidence considered. SSS Form 150 not returned. No change in registrant's status. Request registrant to appear at next board meeting."

When defendant brought in his SSS Form 150 on October 30, 1968, he was notified of the Board's decision and request of October 3, 1968, and on November 1, 1968, a letter was sent inviting him to the Board meeting on November 7, 1968. He did not attend.

Although his letter of September 4, 1968, based his conscientious opposition to war on religious training and belief, defendant's Form 150 attributed his op-

position to a supreme moral force which he specifically distinguished from traditional concepts of God, quoting such writers as Paul Tillich, Lao Tzu, John Dewey, Benjamin Franklin and William James. He said his beliefs had been expressed only privately, that his faith was still growing, that he still questioned it and experienced doubts in regard to it. He said, however, that he believed in the use of physical force when there was a legitimate end which force might effect, subject to its being used only when all other forms for persuasion had failed and then only in the least amount necessary to effect the end sought. Defendant feels that this statement cannot be taken to mean that he would ever justify war to achieve a particular end because he also said elsewhere he did not consider war to be a legitimate end or a legitimate means and agreed with Aldous Huxley that violent or immoral means can never produce a peaceful end.

We cannot agree that defendant unambiguously established a sweeping opposition to all wars in these statements which he made a part of his Form 150. At the Board meeting on November 7, 1968, defendant was again classified I-A.

Under date of December 30, 1968, he wrote requesting a personal appearance before the Board which was granted for January 16, 1969. He arrived late. A transcript of the questions and defendant's answers appears in the record. His replies are frequently evasive. For example, when he had said he believed in a free society, he was asked if he believed in defending it against communism, to which he answered that he did not accept the theory that communists were trying to take over the world. When asked if he would be willing to protect America, he said he might participate in a theocratic war but did not know of United States involvement in any such wars. When asked if he would defend America according to his moral principles, he said the United States had never been involved in a war because of principles; that he believed in America

and would defend it in an abstract sense. Defendant's answers at the personal appearance did not cure the ambiguities of his earlier written statements. The Board again classified defendant I-A without stating the reasons for its action.

On appeal, the classification of the Local Board was upheld by the Appeal Board. Defendant reported as ordered on August 11, 1969, but refused to submit to induction.

■ Defendant relies on United States v. Lemmens, 7 Cir., 1970, 430 F. 2d 619, 624 and United States ex rel. Hemes v. McNulty, 7 Cir., 1970, 432 F. 2d 1182, 1186–1187. In those cases this Court held that where a registrant has described a belief which on its face fulfills the legal requirements and the local board does not state its reason for rejection, and this Court cannot otherwise determine with any degree of assurance whether the decision made by the Board properly supported the rejection and had a basis in fact, then the Court should hold the classification invalid. Clay v. United States, 1971, 403 U.S. 698, 700, 91 S.Ct. 2068, 29 L.Ed.2d 810, sets out the basic criteria as developed in prior decisions for a *prima facie* claim of conscientious objector status as (1) conscientious objection to war in any form, (2) based on religious training and belief as construed in prior decisions, (3) which is a sincere objection. See United States v. Seeger, 1965, 380 U.S. 163, 176, 85 S.Ct. 850, 13 L.Ed.2d 733, which construed religious training and belief to be a sincere meaningful belief occupying a place parallel to that filled by God in the lives of those admittedly qualified for the exemption.

■ The burden is on the registrant to provide the information which clearly establishes his right to the classification he seeks. McCoy v. United States, 5 Cir., 1968, 403 F.2d 896, 899–900.

We agree with the government that Mulloy v. United States, 1970, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362, and United States v. Freeman, 7 Cir., 1967, 388 F.2d 246, cited by defendant, are not helpful here. In those cases the issue was whether a basis for reopening the classification was presented. In the matter before us, the classification was reopened.

■ While a late presentation of beliefs is surely not adversely conclusive, the various delays in this case coupled with ambiguous and evasive statements, would not support a prima facie showing of a sincere conscientious objection, based on religious training and belief, to war in any form.

■ The District Judge was required to sustain the decisions of the Local Board and the Appeal Board if the record contained facts of a minimal probative value to "justify official disbelief" of defendant's characterization of his own asserted convictions. The scope of review is very narrow.

United States ex rel. Sielen v. Hocking, 7 Cir., May 6, 1971, No. 18721; McCoy v. United States, 5 Cir., 1968, 403 F.2d 896, 899.

In Lemmens, this Court noted that the file was devoid of any expression inconsistent with a pacifist opposition to military force or war in any form, based on guidance of God and teachings of Christ and expressed in group discussions and school papers. There had been no personal appearance. The issue was defendant's sincerity and the facts on which the District Court had relied were in doubt. Therefore, this Court concluding that a *prima facie* claim had been made and that the record failed to support the Board's decision held that in those circumstances the reasons for the Board's action must be provided to support validity of the Board's classification.

The record here on the contrary, includes a personal appearance and transcript of the questions and answers in addition to the regular file. There was a clear basis for a conclusion by the Board that defendant did not exhibit the

requisite convictions. In *McNulty* supra, 432 F.2d 1187, this Court found no reason to cast doubt on the registrant's sincerity "even by reading between the lines" and the local Board had underlined a statement that the registrant had severed his relations with the Catholic Church. This gave rise to a conjecture that the Board was relying on the earlier requirement of belonging to an established religious sect. In *McNulty*, unlike the situation in the case before us, the Court was unable to find in the complete record any assurance that the classification was founded on a basis in fact. Yet even there it was emphasized that judicial scrutiny of Local Board action should be basically on the narrow issue of whether there was any apparent basis for it.

Defendant lays great stress on a comment made by one of the Board members at his personal appearance. He believes that comment violated his right to due process. When he said he was associated with the American Civil Liberties Union, the member said it was a "pink" organization. Defendant promptly denied the accuracy of this description and stated what he understood to be the aims and purposes of the organization as devoted primarily to the defense of freedom in America.

Defendant conjectures that this unfortunate incident may have improperly had an adverse influence on the decision of the Board.

The government argued (and the District Judge agreed) that the error was cured by the appeal proceedings pursuant to 32 C.F.R. § 1626.26, which entitled the defendant to be classified de novo and not merely to have the Local Board's classification reviewed. There is nothing in this case to support a conclusion that the Appeal Board was directly influenced by the Local Board. See United States v. Peebles, 7 Cir., 1955, 220 F.2d 114, 117; United States v. Corliss, 2 Cir., 1960, 280 F.2d 808, 816, cert. den. 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105. In *Peebles*, the Local Board members added statements to the file asserting that the case had been "taken over by the politicians" and was being reopened with the "greatest feeling of shame and reluctance" calling on the Appeal Board to dispose of the matter quickly because the integrity of Selective Service and the individual Local Board members was being undermined.

In *Corliss*, there was a charge that display of prejudice by the Local Board infected the appeal proceeding as well. The Second Circuit held that many of the passages from the question and answer session, read in context, lacked the sinister significance which the appellant saw in them, but that the Appeal Board, with the record before it, was as capable of detecting prejudice as the Court of Appeals, and that where there was no evidence that the Appeal Board had been misled, unfair conduct by the Local Board members would not upset a classification.

Here there was nothing to indicate that any of the members (not even the member who made the improper comment) disputed defendant's statement of his understanding of the nature of the A.C.L.U. The issue was not an appropriate description of the A.C.L.U., but the state of defendant's convictions, insofar as they might be reflected by his membership in an organization which he believed to be dedicated to the defense of freedom in America.

In United States v. Fisher, 7 Cir., 1971, 442 F.2d 108, 115; Simmons v. United States, 1955, 348 U.S. 397, 403, 75 S.Ct. 397, 99 L.Ed. 453, and Gonzales v. United States, 1955, 348 U.S. 407, 410, 75 S.Ct. 409, 99 L.Ed. 467, adverse material of which the registrant had no knowledge or opportunity to refute or explain was added to the file sent to the Appeal Board. Nothing of that nature occurred here. The Appeal Board received an intact record for its consideration de novo.

The judgment of the District Court is affirmed.

Affirmed.

On Petition for Rehearing

PER CURIAM.

This matter comes on for consideration on Appellant's Petition for Rehearing of this Court's decision of March 8, 1972, affirming the judgment of the District Court. The subsequent decisions of the United States Supreme Court in Joseph v. United States, 405 U.S. 1006, 92 S.Ct. 1274, 31 L.Ed.2d 473 and Lenhard v. United States, 405 U.S. 1013, 92 S.Ct. 1296, 31 L.Ed.2d 477 both decided March 27, 1972 dictate reversal of the conviction. Accordingly the decision of the District Court is hereby reversed and the cause remanded for such further proceedings as may be consistent herewith.

Reversed and remanded.