**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Anthony KEYS, Jr., Defendant-Appellant.**

**No. 72-1133.**

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 1972.

Ira H. Murphy, Memphis, Tenn., for appellant.

William A. McTighe, Asst. U. S. Atty., Memphis, Tenn. (Thomas F. Turley, Jr., U. S. Atty., J. N. Raines, Asst. U. S. Atty., Western District of Tennessee, Memphis, Tenn., on the brief), for appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and THOMAS,* District Judge.

PER CURIAM:

This is an appeal from Appellant Keys' conviction in the District Court for refusing to submit to induction, in violation of 50 U.S.C.App. § 462.

On October 11, 1967, Appellant was reclassified I–A (eligible for induction), having been previously classified II–S and I–S–C (student deferments). Following this October 11, 1967, reclassification, however, Appellant was again reclassified II–S after his Local Board received information from his college respecting his being a full-time student.

On June 24, 1968, the following entry was made on the "minutes of action" page of Appellant's Selective Service file after an F.B.I. agent requested to see the file:

"F.B.I. Agent in Local Board office to review registrant's file. Registrant is associated with Black Muslim group."

Appellant's file was reviewed by the Local Board on December 17, 1968. The Local Board having received a certification dated October 17, 1968, from Appellant's college indicating that Appellant was a full-time student, Appellant's II–S classification was continued.

On December 19, 1969, Appellant's file was again reviewed by the Local Board. Because the Board had received a certification dated February 26, 1969, from Appellant's college indicating that he was no longer enrolled as a full-time student, the Board reclassified Appellant from II–S to I–A. Appellant was notified of this classification and his right to appeal, but he took no appeal from this classification, nor did he request a personal appearance before the Board.

On April 3, 1970, Appellant was ordered to report for induction on April 29, 1970. On the basis of Appellant's statement to the Local Board that he was still a student, the Board postponed the order to report for induction to allow Appellant to complete the school semester.

On May 19, 1970, Appellant was ordered to report for induction on June 5, 1970. The Local Board subsequently received a copy of a letter from a processing officer at the induction center indicating that Appellant had refused induction for the following reasons:[1]

"Mr. Keys stated that he refused induction because he was morally opposed to participation in or belonging to an organization that was involved with killing. When I asked Mr. Keys if his beliefs were religious in nature, he stated that he believed in them religiously, but that they were not based on any organized religion."

The Local Board thereafter sent Appellant's file to the State Director of the Selective Service for review. The State Director returned the file with the following recommendation:

"File returned. LBM 14, 9, would not appear to govern this instance. Subject should be reported to U. S. Attorney for refusing to submit to induction as any other registrant who had not claimed CO or minister on religious grounds."

The present prosecution followed. Appellant was tried and convicted before the District Court without a jury.

As his first of three grounds for appeal, Appellant asserts that he was denied due process by the presence in his

---

\* The Honorable William K. Thomas, United States District Judge, Northern District of Ohio, sitting by designation.

1. At the induction center, Appellant refused to give a written statement respecting his refusal to be inducted. The portion of the processing officer's letter quoted in the text is therefore the only written record respecting Appellant's conscientious objector beliefs.

file of the above-mentioned entry respecting review of the file by an F.B.I. agent and Appellant's being associated with Black Muslem groups. In support of this claim, Appellant relies on United States v. Cabbage, 430 F.2d 1037, 1039–1041 (6th Cir. 1970), wherein this Court ruled that the registrant was denied due process by the presence—without his knowledge—of an F.B.I. report in the registrant's file which was clearly prejudicial to his conscientious objector claim.

■ In *Cabbage,* however, the prejudicial F.B.I. report was in the registrant's file when the Appeal Board conducted a de novo review of the registrant's I–A classification after the registrant had informally presented his conscientious objector claim at a hearing before the Local Board. In the present case, there was no such opportunity for detrimental reliance upon the entry. The undisputed testimony of the Local Board's Executive Secretary, as well as Appellant's file itself, indicates that II–S classifications were granted for one year at a time and that these classifications were granted only after the Board had received certification that the registrant was enrolled as a full-time student. The Local Board's action in reclassifying Appellant from II–S to I–A in December 1969 was undertaken after the Local Board had received a certification that Appellant was no longer a full-time student. Because Appellant had at no time presented the Local Board with any information respecting a formal or informal conscientious objector claim, the Board's action in reclassifying Appellant to I–A was strictly non-discretionary, affording no opportunity for the entry to have prejudiced Appellant.

As his second ground for appeal, Appellant claims that he was improperly denied conscientious objector status in

that the State Director of the Selective Service referred to the fact that Appellant's statement at the induction center was not based on "religious grounds." Appellant contends that the State Director—having waived any requirements for formal application for conscientious objector status—was thus reviewing the merits of his conscientious objector claim and that the Director's reference to "religious grounds" was improper under United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

The State Director's recommendation, as quoted above, is at best ambiguous. It is by no means clear that the State Director could or did pass on the merits of Appellant's conscientious objector claim. Rather, as the District Court observed, it appears that the State Director merely determined that Appellant's file should be turned over to the United States Attorney for prosecution.

■ We need not resolve this question, however, because Appellant is barred from claiming that he was erroneously classified I–A by the fact that he did not initiate, let alone exhaust, his administrative remedies for his conscientious objector claim. Appellant never applied to his Local Board for conscientious objector status, nor did he otherwise give them any reason to believe that he might assert such a claim. He did not appeal his I–A classification, nor did he request a personal appearance before the Board. Appellant informed no one from the Selective Service of his conscientious objector beliefs until he refused induction at the induction center.[2]

■ In McGee v. United States, 402 U.S. 491,SC6..15957 92dE2 td,.L. 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971), the Supreme Court held that

---

2. Even if Appellant had made a formal application for conscientious objector status at some time after he received his notice to report for induction—which he did not do—the Local Board could not have reopened his classification absent a specific finding that there had been a change in his circumstances over which he had no control. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971) (construing 32 C. F.R. § 1625.2 (1971)).

a registrant must exhaust his administrative remedies when his failure to do so would jeopardize the function of the Selective Service in making findings of fact and applying its expertise in the decision-making process. 402 U.S. at 484–486, 91 S.Ct. 1565. While we recognize that the exhaustion doctrine is not to be applied blindly in every Selective Service case, conscientious objector status, as discussed by the Supreme Court in *McGee*, is precisely the type of classification which requires findings of fact and the exercise of discretion by the Selective Service in applying its expertise. *See* McGee v. United States, *supra*, 402 U.S. at 486, 91 S.Ct. 1565; McKart v. United States, 395 U.S. 185, 198 n. 16, 201, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). Like the registrant in *McGee*, Appellant is therefore barred from claiming that he was erroneously classified I–A as a defense to the present prosecution.[3]

■ Appellant's third ground for appeal—that his I–A classification was invalid because his Local Board was improperly constituted—is similarly without merit. At trial it was stipulated that the members of Appellant's Local Board did not reside within the jurisdictional area of the Board, as required under 32 C.F.R. § 1604.52(c) (1970),[4] although eligible persons were available so as to make compliance with that regulation feasible.

In United States v. Brooks, 415 F.2d 502, 505 (6th Cir. 1969), and United States v. Hart, 449 F.2d 340 (6th Cir. 1971), this Court ruled that local boards which failed to comply with the requirements of 32 C.F.R. § 1604.52(c) were nonetheless de facto boards whose actions would not be collaterally attacked for their failure to be in compliance with that regulation.

The judgment of the District Court is therefore affirmed.

---

3. We find no merit in Appellant's contention that the exhaustion requirement must be waived since his conscientious objector claim would not have been legally cognizable until the Supreme Court decided Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), some 10 days after Appellant refused to submit to induction. In view of Appellant's statements at the induction center, it appears that his beliefs may have raised a cognizable claim under United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). (The plurality opinion in *Welsh* merely applied *Seeger* to the facts of the *Welsh* case.) Regardless, a registrant's

doubts about the validity of his conscientious objector claim under the prevailing law certainly cannot justify his failure to initiate and exhaust his administrative remedies. *Compare* McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (waiving the registrant's failure to exhaust where the denial of a sole surviving son classification was based on an erroneous interpretation of the applicable statute).

4. This residency requirement has been eliminated by Executive Order 11555, 35 Fed.Reg. No. 175, at 14191 (September 2, 1970).