**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Loren WEAVER, Defendant-
Appellant.**

**No. 71-1598.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 16, 1972.

Decided March 2, 1973.

Patrick J. Hughes, Jr., Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Theodore T. Scudder, William T. Huyck, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

SWYGERT, Chief Judge.

Robert Loren Weaver, defendant-appellant, was convicted on an indictment charging his willful refusal to report for induction into the Armed Services in violation of 50 App. U.S.C. § 462. On appeal, Weaver urges that his conviction be reversed because his local board failed to state reasons for its rejection of his claim of conscientious objection. We must also decide whether this issue is foreclosed by Weaver's failure to exhaust administrative remedies.

The events leading to the instant conviction began on October 14, 1969, when Weaver was classified I–A by his local board. He responded by letter within thirty days of this action, requesting a personal appearance before the board and an appeal to the State Appeal Board in the event that his personal appearance failed to result in a change of his classification. In his letter, Weaver expressed a belief that his classification should properly have been as a conscientious objector.

On November 18, 1969 the board answered by a form letter which notified Weaver of a personal appearance before it on December 9, 1969. Weaver appeared as scheduled and reiterated his request for conscientious objector status. The board refused to hear evidence on this claim, however, since Weaver had not submitted to it a completed Selective Service System Form 150 for conscientious objection. It informed Weaver that a completed Form 150 was a necessary prerequisite to its consideration of a claim for conscientious objection and terminated the interview.

Weaver thereafter wrote the board, withdrawing his appeal and requesting a Form 150. The board complied, but Weaver found himself unable to complete the form, which was replete with references to "religious training and belief." He returned the form in blank, together with a letter explaining this circumstance: "I find the enclosed SSS Form 150 totally inadequate to reflect the unorthodox nature of my conscientious objection." The letter went on to detail the exact nature of these "unorthodox" beliefs. The board's response, on February 20, 1970, was to send Weaver a Selective Service Form 110 reaffirming his classification as I–A. No reasons were given for rejection of his conscientious objector claim. Weaver filed no answer to this notice and subsequently refused to report for induction as ordered by his board.

I

█ It has been settled in this circuit that the failure of a local board to articulate in writing the bases for its denial of a conscientious objector claim is fatal to an indictment for refusal of induction where information in the Selective Serv-

ice file of a registrant is sufficient to comprise a *prima facie* case for exemption and where the reviewing court cannot with assurance determine that the decision made by the board properly supported the rejection. United States v. Lemmens, 430 F.2d 619 (7th Cir. 1970). Weaver argues that *Lemmens* squarely controls this case; the Government counters by asserting that Weaver failed to make out a *prima facie* claim of conscientious objection. We reject the Government's contention.

■ Whatever our opinion of Weaver's claim set forth in the letter accompanying the blank Form 150, we are compelled to assume that the local board considered this sufficient to state a *prima facie* case of conscientious objection. The board responded to Weaver's letter with a Form 110 and a notification of his right to appeal. Under the regulations in force at the time, this action signified conclusively that the board had reopened Weaver's classification, 32 C.F.R. § 1625.12, a step precluded by regulation unless a *prima facie* case had been made out. 32 C.F.R. § 1625.4. The Government has so conceded, both to the United States Supreme Court, Joseph v. United States, 405 U.S. 1006, 92 S.Ct. 1274, 31 L.Ed.2d 473 (1972); Lenhard v. United States, 405 U.S. 1013, 92 S.Ct. 1296, 31 L.Ed.2d 477 (1972), and to this court. United States v. Dziemiela, No. 72–1465 (7th Cir., Sept. 28, 1972); United States v. Nelson, No. 71–1812 (7th Cir., July 12, 1972); United States v. Hulsey, 463 F.2d 1071, No. 18982 (7th Cir., June 5, 1972). Also *see* United States v. Hershey, 451 F.2d 1007 (3d Cir. 1971). In *Hulsey* we held that *Joseph* and *Lenhard,* read in conjunction with *Lemmens,* were sufficient authority to "dictate" reversal of a conviction under 50 App. U.S.C. § 462, despite our decision on an earlier consideration of the case that Hulsey had failed to present a *prima facie* case of conscientious objection. United States v. Hulsey, No. 18982, 463 F.2d 1071 (7th Cir., March 8, 1972).

For these reasons, we hold that the failure of Weaver's local board to explain in writing its rejection of his conscientious objector claim after it had reopened his case entitles Weaver to a reversal of his conviction under *Lemmens.*

## II

■ The defendant cannot, however, claim the benefit of this ruling if he failed inexcusably to exhaust administrative remedies within the Selective Service System, since established law precludes a registrant's challenge to his classification unless and until administrative remedies have been exhausted. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944).

Generally speaking, the requirement of exhaustion is "an expression of executive and administrative autonomy." L. Jaffe, Judicial Control of Administrative Action 425 (1965). An administrative agency, like a trial court, exists for the purpose of applying a statute in the first instance. The disruption of the administrative process by allowing parties an interlocutory appeal from intermediate stages of that process, and the concomitant restriction of the agency in its application of expertise, its exercise of discretion, and its finding of fact, constitute the vices to which the exhaustion doctrine is directed. Judicial economy is also served, since a reviewing court avoids ruling on issues which might become moot on further consideration of the case by the particular agency. However, other considerations are introduced where, as here, a criminal prosecution is involved:

> [I]t is well to remember that use of the exhaustion doctrine in criminal cases can be exceedingly harsh. The defendant is often stripped of his only defense; he must go to jail without having any judicial review of an assertedly invalid order. This deprivation of judicial review occurs not when the affected person is affirmatively asking for assistance from the courts but when the government is attempting to impose criminal sanctions

on him. McKart v. United States, 395 U.S. 185, 197, 89 S.Ct. 1657, 1664, 23 L.Ed.2d 194 (1968).

In this vein, the Supreme Court has limited the exhaustion doctrine to draft law prosecutions where "the interests underlying the exhaustion rule clearly outweigh the severe burden imposed upon the registrant if he is denied judicial review." McKart v. United States, 395 U.S. 185, 197, 89 S.Ct. 1657, 1664, 23 L.Ed.2d 194 (1968); McGee v. United States, 402 U.S. 479, 485, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). A "discrete analysis" of each case is required. United States v. Rabe, No. 71–1419, 466 F.2d 783 (7th Cir., Aug. 11, 1972).

In draft cases involving claims of conscientious objection, where the failure to exhaust remedies has deprived the Selective Service Administration of an opportunity to find facts and exercise its expertise on the question of sincerity, courts have not excused that failure where it was deliberate, McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); United States v. Brudney, 463 F.2d 376 (9th Cir. 1972); United States v. Holby, 345 F.Supp. 639 (S.D.N.Y., 1972), or where the claim was presented for the first time when induction was refused. United States v. Keys, 465 F.2d 736 (6th Cir., 1972). This case is far removed from either of those extremes. Weaver, by his letter of November 13 requesting an appeal, clearly evidenced an intention and a willingness to proceed along regularized channels of appeal within the Selective Service System. Moreover, had the board supplied Weaver with a Form 150 in response to that letter—a duty incumbent upon it if it viewed the form as *sine qua non* to a personal appearance on Weaver's claim, *see* United States v. Sobczak, 264 F.Supp. 752 (N.D.Ga.1966) —Weaver would not now be charged with a failure to exhaust, since he would have obtained a hearing on the essence of what he stated in his post-appearance

letter accompanying the blank Form 150.* At worst, Weaver's failure to exhaust was mildly negligent and hardly a fit basis upon which to preclude his defense under *Lemmens*. McGee v. United States, 402 U.S. 479, 487–488, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); United States v. Peeler, No. 3858–Cr. (E.D. N.C., June 28, 1972); *see* United States v. Hunstiger, 343 F.Supp. 223 (D.Minn., 1972).

We buttress this conclusion by recognizing that the failure of the local board to state reasons for its decision reduced any appeal by Weaver to a meaningless formality. Mr. Justice Clark, sitting by designation in this circuit, discussed this question only recently in United States v. Rabe, No. 71–1419, 466 F.2d 783 (7th Cir., Aug. 11, 1972). His language there has equal bearing on this case:

> The Local Board handling of the case was superficial at the best and ill-advised at the least. The imperious manner in which it entered a flat denial of Rabe's claim without stating any grounds, reason or explanation deprived Rabe of any meaningful appeal. See United States v. Lemmens, 430 F. 2d 619, 622–624 (7 Cir. 1970). As the Solicitor General recently stated in confessing error in Joseph v. United States, vacated and remanded 405 U.S. 1006, 92 S.Ct. 1274, 31 L.Ed.2d 473 (1972).
>
> "The underlying rationale of these decisions, although variously formulated, is that some statements of reasons for a Board's classification is necessary to 'meaningful' review, (Cf. Gonzales v. United States, 348 U.S. 407, 415, 75 S.Ct. 409, 99 L.Ed. 467) of the administrative determination both by the State Appeals Boards and by the courts."

See also memorandum for the United States in Lenhard v. United States, vacated, 405 U.S. 1013, 92 S.Ct. 1296, 31 L.Ed.2d 477 (1972). It would be

---

* The Government argues that Weaver's letter of November 13, "on its face, makes no request for a Form 150." Be that as it may, Weaver did state unequivocally:

"I believe my classification should be I–O." This was sufficient to necessitate a board response by the mailing of a Form 150.

both ironic and frustrating if the Government was permitted to prevail in a case because the registrant did not appeal when the Government itself had rendered an appeal futile. . . . The importance of the Local Board giving its reasons or explanation is illustrated not only by the confession of the Solicitor General, *supra*, but also by Congressional Act, P.L. 92–129, 92d Cong., 1st Sess. (Sept. 28, 1971) and by the national rules and regulations of the Selective Service itself that were recently adopted. 32 C.F.R. 1623.4(c), 36 F.R. 23378 (Dec. 9, 1971). This emphasizes the fatal impact on the administrative process of this failure of the Local Board to furnish grounds for its decision rejecting Rabe's claim of conscientious objection. This is the more fatal in this class of draft case since the Board may be going off on a ground that the registrant might cure by additional evidence.

*Accord,* United States v. Godfrey, 346 F.Supp. 672 (D.Minn., 1972); United States v. Peeler, No. 3858–Cr. (E.D.N. C., June 28, 1972).

We conclude that Weaver must prevail on his defense under *Lemmens,* and accordingly reverse his conviction.