**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Edward LEMONS, Defendant-Appellant.**

**No. 29149.**

United States Court of Appeals, Fifth Circuit.

June 19, 1973.

Rehearing and Rehearing En Banc Denied July 30, 1973.

Howard Moore, Jr., Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Stanley M. Baum, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before BELL, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This appeal is from the conviction of appellant for an alleged violation of the Military Selective Service Act of 1967, 50 U.S.C.A. Appendix, § 462(a), in that appellant failed to submit to induction in the Armed Forces of the United States.

Appellant was registered with Selective Service Local Board No. 62, Atlanta, Fulton County, Georgia. His application for classification as a conscientious objector was denied and he was classified as I–A.

The application for conscientious objector status showed that appellant was opposed to participation in war on the grounds of religious belief and training. While in high school and shortly before he registered for the draft, appellant publicly accepted the religion of Islam, or so-called Black Muslims. His mother was also a member of that faith. He indicated that he would use force only in a manner consistent with his religious beliefs. He set forth a creed or official statement of his religious sect with respect to participation in war as follows:

"We believe that we who declared ourselves to be righteous Muslims, should not participate in wars which take the lives of humans. We do not believe that this nation should force us to take part in such wars, for we have nothing to gain from it unless America agrees to give us necessary territory wherein we may have something to fight for."

The essence of appellant's defense was that his I–A classification was invalid in that he was entitled to the conscientious objector classification.

The district court ruled that appellant was not opposed to all wars and that what appellant opposed was fighting in any war unless the United States first furnishes the Muslims some territory. It was thus found that there was a basis in fact for the I–A classification. We agree. Gillette v. United States, 1971, 401 U.S. 437, 91 S.Ct. 828, 28 L. Ed.2d 168; Carson v. United States, 5 Cir., 1969, 411 F.2d 631. Thus we find that the assignment of error contending to the contrary is without merit.

The other assignment of error rests on the contention that the under-representation of blacks on appellant's draft board constituted a violation of due process of law. This contention is also without merit. See United States v. Gee, 5 Cir., 1973, 479 F.2d 642, this day rendered, and the decisions cited therein.

Affirmed.