479 F.2d 642
 William Fletcher GEE, for himself and all others similarly
situated and Mrs. Louise Gee, Plaintiffs-Appellants,
v.
Colonel James M. SMITH, as Commanding Officer, Armed Forces
Induction and Physical Examination Station, et
al., Defendants-Appellees.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Fletcher GEE, Defendant-Appellant.
 Nos. 29038, 31005.
 United States Court of Appeals,
Fifth Circuit.
 June 19, 1973.
Rehearings and Rehearings En Banc Denied July 30, 1973.
 
 Howard Moore, Jr., John R. Myer, Atlanta, Ga., for appellants.
 John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Stanley M. Baum, Asst. U. S. Attys., Atlanta, Ga., for the United States.
 John W. Stokes, Jr., U. S. Atty., Mathew Robins, Asst. Atty. Gen., Atlanta, Ga., Morton Hollander, Chief, Appellate Section, Ralph A. Fine, Robert E. Kopp, William D. Appler, Attys., U. S. Dept. of Justice, Washington, D. C., for Col. James M. Smith and others.
 Before BELL, INGRAHAM and RONEY, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 The appeal in No. 31005 is from the conviction of appellant under the Military Selective Service Act of 1967, 50 U.S.C.A. Appendix, for failing to report for induction.
 
 
 2
 Appellant's first induction date was July 24, 1969, but as will be seen he received two postponements. Upon being denied a further postponement, he filed a civil suit to enjoin his induction on the grounds that he had been erroneously classified as 1-A when he should have received either a III-A deferment or a I-S(C) deferment. He also contended that his induction order was invalid because Negroes were systematically excluded from representation on his draft board in Atlanta and draft boards in Georgia generally, and because a majority of the members of his draft board lived outside the area of the jurisdiction of the board.
 
 
 3
 Relief was denied in the civil case and the appeal from the order denying relief is the subject matter of No. 29038. The criminal conviction followed the denial of relief in the civil case.
 
 
 4
 We have consolidated the appeals for opinion purposes. We turn first to a consideration of the appeal in the civil case.
 
 NO. 29038
 
 5
 The following are the pertinent facts. Appellant registered for the draft on April 17, 1967. Upon his graduation from high school in June of 1967, he was re-classified from I-S(H) (high school deferment) into I-A (available for service). In July of 1967, following receipt by his Local Board of notice that he had been accepted for admission to the Georgia Institute of Technology, he was re-classified II-S (undergraduate student deferment).
 
 
 6
 In September of 1968, appellant withdrew from the Georgia Institute of Technology and entered as a first year student at another college. He was then reclassified I-A because he had not completed 25 per cent of his four-year course of undergraduate study during his first year as required by 32 C.F.R. 1622.25 (c). He then requested and was afforded a personal appearance before his Local Board. His Local Board retained him in I-A and he appealed this classification. On April 11, 1969, the Appeal Board unanimously affirmed his I-A classification.
 
 
 7
 Appellant was then directed to report for a physical examination on May 28, 1969, but his date was postponed at his request. He was thereafter found to be acceptable for service and, on July 8, 1969, his Local Board mailed him an "Order to Report for Induction" (SSS Form 252), directing him to report on July 24, 1969. On July 21, 1969, three days before he was scheduled to report for induction, he requested a III-A (dependency deferment) on the ground that his induction would constitute a hardship to his ill mother. On July 22, 1969, he requested the form for conscientious objector status and his induction date was postponed until August 24, 1969. (The conscientious objector status was not pursued.)
 
 
 8
 By letter dated September 2, 1969, appellant was informed that his postponement of induction had expired and that he was to report on September 22, 1969. Appellant then submitted additional evidence with respect to his hardship claim and, on September 22, 1969, his induction was again postponed so that consideration could be given to that claim. On October 22, 1969, appellant's Local Board advised him that there was no basis in fact for reopening of his classification. He was directed to report for induction on November 6, 1969.
 
 
 9
 On October 24, 1969, appellant, again attending school, requested a I-S(C) deferment (until end of the academic year), until May 1, 1970. This request was denied by his Local Board because he was not in school at the time he was mailed his induction order and was therefore not eligible for the I-S(C). Appellant thereupon filed the suit to enjoin his induction. The district court temporarily restrained his induction pending hearing and decision. The complaint was dismissed by the district court on November 26, 1969. Gee v. Smith, N.D.Ga., 1969, 306 F.Supp. 891. This court denied a stay pending appeal on January 14, 1970.
 
 
 10
 On January 5, 1970, appellant was ordered to report for induction on January 15, 1970. He reported but refused to submit to induction. His indictment and conviction followed.
 
 
 11
 There are four assignments of error in this appeal of the civil case. Two of these, whether appellant was entitled to an end of term student deferment (I-S(C)), or to a hardship deferment (III-A), turn on the breadth of the bar of Sec. 10(b)(3) of the Military Selective Service Act, 50 U.S.C.A. Appendix, Sec. 460(b)(3), to pre-induction review.[1]
 
 
 12
 This section provides that a challenge to a classification may be judicially reviewed only as a defense to a criminal prosecution after the registrant has responded to an order to report for induction. The claims to deferment here were considered and denied on the merits by the Local Board and that is the end of the matter under the teachings of Fein v. Selective Service System, 1972, 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298. There the Supreme Court stated in melding its prior holdings in Oestereich v. Selective Service Board, 1968, 393 U. S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402; Clark v. Gabriel, 1968, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418; Boyd v. Clark, 1969, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511; and Breen v. Selective Service Board, 1970, 396 U.S. 460, 90 S. Ct. 661, 24 L.Ed.2d 653:
 
 
 13
 "Thus Oestereich, Gabriel, Breen, and Boyd together establish the principles (a) that Sec. 10(b)(3) does not foreclose pre-induction judicial review in that rather rare instance where administrative action, based on reasons unrelated to the merits of the claim to exemption or deferment, deprives the registrant of the classification to which, otherwise and concededly, he is entitled by statute, and (b) that Sec. 10(b)(3) does foreclose pre-induction judicial review in the more common situation where the board, authoritatively, has used its discretion and judgment in determining facts and in arriving at a classification for the registrant. In the latter case the registrant's judicial review is confined-and constitutionally so-to the situations where he asserts his defense in a criminal prosecution or where, after induction, he seeks a writ of habeas corpus. By these cases the Court accommodated constitutional commands with the several provisions of the Military Selective Service Act and the expressed congressional intent to prevent litigious interruption of the selective service process."
 
 
 14
 The denial of the deferments here were, in each instance, on a determination of the facts pertaining to the claims. There can be no pre-induction review in such circumstances. This case is unlike the cases of Oestereich and Breen, supra, where proper classifications were taken from registrants for reasons unrelated to the factual merits of their respective original classifications. Cf. Crowley v. Pierce, 5 Cir., 1972, 461 F.2d 614.
 
 
 15
 It is also the case that pre-induction review was not available on the questions that Negroes were systematically excluded from the draft boards in Georgia and appellant's board in particular, or that members of appellant's Local Board resided outside its jurisdiction. In Sumrall v. Kidd, 5 Cir., 1972, 468 F.2d 951 (en banc), we affirmed the denial of pre-induction relief where a draft registrant attacked his induction order as being invalid because of the racial composition of his draft board. The affirmance was on the merits and without discussion of the Sec. 10(b)(3) bar of review. However, Sec. 10(b)(3) was applied to prevent pre-induction review of such a question in Wright v. Ingold, 7 Cir., 1971, 445 F.2d 109.
 
 
 16
 In our view, the claims of racial discrimination and improper residence of board members fall into the denial of procedural due process class. They are analogous to the due process attack on the appeal procedures involved as one question in Fein, supra. There the Supreme Court held that Sec. 10(b)(3) precluded preinduction review of a challenge to the constitutionality of the administrative procedures in question which had been employed against the registrant. 405 U.S. at 375, 92 S.Ct. 1062. We conclude that the due process claims asserted here were likewise precluded from pre-induction review.
 
 
 17
 The district court did not err in denying the relief sought in the civil suit.
 
 No. 31005
 
 18
 The appeal from the judgment of conviction in the criminal case involves substantially the same assignments of error but they may now be reviewed on the merits.
 
 
 19
 We turn to the claim that Negroes were systematically excluded from draft boards in Georgia and from appellant's board in particular, and to the claim that a majority of the members of appellant's board did not reside within its jurisdiction. Each claim must be rejected.
 
 
 20
 It is now settled that a claim of racial discrimination in the composition of a draft board, even if factually sustained, is not a defense to a criminal charge based on refusing to submit to an induction order. The underlying basis for this conclusion is that the orders of such draft boards are de facto valid. See Clay v. United States, 5 Cir., 1968, 397 F.2d 901, vacated and remanded on other grounds sub nom. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969); Sellers v. McNamara, 5 Cir., 1969, 398 F.2d 893, cert. denied sub nom. Sellers v. Laird, 395 U.S. 950, 89 S.Ct. 2022, 23 L.Ed.2d 470; Nelloms v. United States, 5 Cir., 1968, 399 F.2d 295, cert. denied, 393 U. S. 1071, 89 S.Ct. 724, 21 L.Ed.2d 716; Simmons v. United States, 5 Cir., 1969, 406 F.2d 456, cert. denied, 395 U.S. 982, 89 S.Ct. 2144, 23 L.Ed.2d 770.
 
 
 21
 The same principle is applicable in those cases where the attack rests on the claim that a majority of the members of the draft board reside outside the district. The orders of such a board are de facto valid. United States v. Steiner, 5 Cir., 1972, 469 F.2d 760. See also Ryan v. Hershey, 8 Cir., 1971, 445 F.2d 560. The dicta to the contrary in United States v. Cabbage, 6 Cir., 1970, 430 F.2d 1037, 1042, has been dissipated. See United States v. Hart, 6 Cir., 1971, 449 F.2d 340; United States v. Potter, 6 Cir., 1972, 457 F.2d 1316.
 
 
 22
 We likewise find no merit in the claims to deferment. The claim to a III-A deferment based on hardship in connection with the need of appellant to support and maintain his mother was entirely a fact question and there was a basis in fact for denying the deferment. Moreover, given the facts, it was not error to refuse to reopen the I-A classification so as to afford appellant an administrative appeal. This claim falls squarely into the teaching of Mulloy v. United States, 1970, 398 U.S. 410, 416, 418, Fn. 7, 90 S.Ct. 1766, 26 L.Ed.2d 362, that a classification need not be reopened if the facts asserted, even if true, would not warrant reclassification.
 
 
 23
 The claim to a II-S(C) deferment was on the theory that appellant was entitled to complete a school year. The weakness in his position is that he began the school year in question after having received his orders to report for induction and after having had his induction twice postponed at his request so that the draft board could consider his claims to deferment. He was not in school on the date he was ordered to report for induction. We conclude that the Local Board did not err in denying deferment until the end of the next school year on this basis. Appellant began school in the face of an order to report for induction.
 
 
 24
 We find no error in any of appellant's contentions with respect to the criminal conviction.
 
 
 25
 The judgment in No. 29038 is affirmed. The judgment in No. 31005 is affirmed.
 
 
 
 [1]
 Sec. 460(b)(3) in pertinent part:
 ". . . No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution . . . after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: Provided, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant. . . ."